UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| **YAZMIN GONZALEZ,** § § § | |
| Plaintiff, § | |
| § | Case No. EP-25-cv-00062-LS |
| v. § | |
| § | |
| **DEBTHELP, INC,** a Delaware Corporation § | |
| § | |
| Defendant. § § | |

## COMPLAINT

Comes Now Pro Se Plaintiff Yazmin Gonzalez files Complaint against Defendant Debthelp Inc ("Debthelp") for violation of (1) the federal Telephone Consumer Protection Act ("TCPA") and its regulations and (2) the Texas Business and Commerce Code ("TBCC") law governing telephone solicitation, alleging as follows:

### INTRODUCTION

1. Beginning in April 2024, Plaintiff began to receive a barrage of illegal telemarketing calls made by or on behalf of Defendant Debthelp Inc ("Debthelp") by an unknown anonymous telemarketer, soliciting tax debt relief.

2. Plaintiff seeks redress under the TCPA and TBCC, demanding that the calls stop.

### JURISDICTION AND VENUE

3. Jurisdiction. This Court has federal-question subject matter jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331 because the TCPA is a federal statute. *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012).

1

4. This Court has specific personal jurisdiction over Defendant because Defendant purposefully availed themselves to the State of Texas and to this District, and there is a sufficient relationship between Defendant's purposeful contacts with Texas and the litigation. Defendant purposefully sent calls into Texas despite having no business relationship with Plaintiff.

    a. Defendant targets Texas when marketing debt relief and regularly conduct business in this District, including telephone solicitation.

    b. Defendant purposefully sent phone calls to Plaintiff's El Paso area phone number with area code 915 to generate leads for Defendant.

    c. The purposeful calls to Texas injured Plaintiff in Texas, creating a causal link among Defendant, the forum, and the litigation exceeding the non-causal affiliation sufficient to support personal specific jurisdiction. *See Ford Motor Co. v Mont. Eight Jud. Dist. Ct*., 141 S. Ct. 1017 (2021).

5. Venue. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1)-(2) because a substantial part of the events giving rise to the claims—the calls and sale of goods and services directed at Texas residents, including the Plaintiff—occurred in this District and because the Plaintiff resides in this District. Residing in the Western District of Texas when he received a substantial if not every single phone call from Defendant which is the subject matter of this lawsuit.

6. This Court has venue over Defendant because the calls at issue were sent by or on behalf of the above-named Defendant to Plaintiff, a Texas resident.

**PARTIES AND OTHER ENTITIES**

7. Plaintiff YAZMIN GONZALEZ ("Plaintiff") is a natural person, a resident of the Western District of Texas, and was present in El Paso County, Texas for all calls in this Complaint

8. Defendant DEBTHELP, INC ("DebtHelp") is a corporation organized and existing under the laws of Delaware and can be served via registered agent, Business Filings Incorporated, 701 Brazos Street, Ste 720, Austin, Texas 78701.

## THE TELEPHONE CONSUMER PROTECTION ACT
## OF 1991, 47 U.S.C. § 227

9. In 1991, Congress enacted the TCPA to restrict the use of sophisticated telemarketing equipment that could target millions of consumers *en masse*. Congress found that these calls were not only a nuisance and an invasion of privacy to consumers specifically but were also a threat to interstate commerce generally. *See* S. Rep. No. 102-178, at 2-3 (1991), as reprinted in 1991 U.S.C.C.A.N. 1968, 1969-71.

10. The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system ('ATDS") or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii).

11. The TCPA makes it unlawful "to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes, is made solely pursuant to the collection of a debt owed to or guaranteed by the United States or is exempted by rule or order" of the Federal Communication Commission ("FCC"). 47 U.S.C. § 227(b)(1)(B).

12. The TCPA provides a private cause of action to persons who receive calls in violation of § 227(b). 47 U.S.C. § 227(b)(3).

13. Separately, the TCPA bans telemarketing calls without a do-not-call policy available

upon demand. 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(d)(1).[1]

14. The TCPA provides a private cause of action to persons who receive calls in violation of § 227(c) or a regulation promulgated thereunder. 47 U.S.C. § 227(c)(5).

15. According to findings of the FCC, the agency vested by Congress with authority to issue regulations implementing the TCPA, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls and can be costly and inconvenient.

16. The FCC also recognizes that "wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used." *In re Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 18 FCC Rcd. 14014, 14115 ¶ 165 (2003).

17. The FCC requires "prior express written consent" for all autodialed or prerecorded telemarketing robocalls to wireless numbers and residential lines. In particular:[A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received clear and conspicuous disclosure of the consequences of providing the requested consent, *i.e.*, that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates. In addition, the written agreement must be obtained without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.

18. *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 FCC Rcd. 1830, 1844 ¶ 33 (2012) (footnote and internal quotation marks omitted). FCC regulations "generally establish that the party on whose behalf a solicitation is made bears

---

[1] *See* Code of Federal Regulations, Title 47, Parts 40 to 60, at 425 (2017) (codifying a June 26, 2003 FCC order).

ultimate responsibility for any violations." *In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 10 FCC Rcd. 12391, 12397 ¶ 13 (1995).

19.     The FCC confirmed this principle in 2013, when it explained that "a seller … may be held vicariously liable under federal common law principles of agency for violations of either section 227(b) or section 227(c) that are committed by third-party telemarketers." *In the Matter of the Joint Petition Filed by Dish Network, LLC*, 28 FCC Rcd. 6574, 6574 ¶ 1 (2013).

20.     Under the TCPA, a text message is a call. *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 951 – 52 (9th Cir. 2009).

21.     A corporate officer involved in the telemarketing at issue may be personally liable under the TCPA. *E.g.*, *Jackson Five Star Catering, Inc. v. Beason*, Case No. 10-10010, 2013 U.S. Dist. LEXIS 159985, at *10 (E.D. Mich. Nov. 8, 2013) ("[M]any courts have held that corporate actors can be individually liable for violating the TCPA where they had direct, personal participation in or personally authorized the conduct found to have violated the statute." (internal quotation marks omitted)); *Maryland v. Universal Elections*, 787 F. Supp. 2d 408, 415 – 16 (D. Md. 2011) ("If an individual acting on behalf of a corporation could avoid individual liability, the TCPA would lose much of its force.").

### The Texas Business and Commerce Code § 302.101

22.     The Texas Business and Commerce Code requires sellers to obtain a registration certificate from the Secretary of State in order to make telephone solicitations inside the state of Texas or to residents located in Texas.

23.     "' Telephone solicitation' means a telephone call a seller or salesperson initiates to induce a person to purchase, rent, claim, or receive an item."

24.     "A person makes a telephone solicitation if the person effects or attempts to effect a

telephone solicitation." Tex. Bus. & Com. Code § 302.002.

25. A "seller" is defined as "A person who makes a telephone solicitation on the person's on behalf." Tex. Bus. & Com. Code §302.001(5).

26. A "salesperson" is defined as "A person who is employed or authorized by a seller to make a telephone solicitation." Tex. Bus. & Com. Code §302.001(4).

27. Federal common law principles of agency apply to TBCC violations…and the conduct of the telemarketer who makes the calls can be imputed to the seller if the telemarketer is an agent of the seller.  *Guadian v. Progressive Debt Relief, LLC*, No. EP-23-cv-235, 2023 WL 7393129, at *4 (W.D. Tex. Nov. 8, 2023); *see also Callier v. Tip Top Cap. Inc.*, No. EP-23-cv-437, 2024 WL 1637535, at *3 (W.D. Tex. Apr. 16, 2024) (holding that a seller violates § 302.101 when a telemarketer makes calls on behalf of a seller who does not hold a registration certificate); *Forteza v. Pelican Inv. Holdings Grp., LLC*, No. 23-cv-401, 2023 WL 9199001, at *6 (E.D. Tex. Dec. 27, 2023) (same); *Salaiz v. Beyond Fin., LLC*, No. EP-23-cv-6, 2023 WL 6053742, at *5 (W.D. Tex. Sept. 18, 2023) (refusing to dismiss a § 302.101 claim because "Plaintiff has plausibly alleged that Defendant effected or attempted to effect the thirteen calls Plaintiff received by hiring telemarketers to make those calls.").

28. The Plaintiff may seek damages of violations of Texas Business and Commerce Code § 302.101 of to $5,000.00 per violation, reasonable costs of prosecuting the action, court costs investigation costs, depositions expenses, witness fees, and attorney's fees.

29. Texas Business and Commerce code § 302.101 provides a private right of action. A violation of Chapter 302 "is a false, misleading or deceptive act of practice under Subchapter E, Chapter 17" and is enforceable as such: "A public or private right of remedy prescribed by Subchapter E, Chapter 17, may be used to enforce [Chapter 302." Tex. Bus. & Com. Code §

6

302.303.

30.     The use or employment by any person of a false, misleading, or deceptive act or practice causes "economic damages or damages for mental anguish." Tex. Bus. & Com. Code § 17.50.

## FACTUAL ALLEGATIONS

31.     Plaintiff personally successfully registered his phone number, 915-XXX-2376, on the National Do Not Call Registry since March 2022.

32.     At all times relevant hereto, Plaintiff was the subscriber of the personal telephone number ending in 2376.

33.     Plaintiff had no business relationship with Defendant before any of the phone calls alleged in this Complaint.

34.     Plaintiff did not consent to any phone calls alleged in this Complaint.

35.     Defendant is a company that offers debt relief services to consumers.

36.     Plaintiff received at least fourteen (14) solicitation phone calls marketing debt relief to her personal phone number ending in 2376 without her consent and unrelated to an emergency.

37.     Plaintiff received the phone calls between April 29, 2024, and November 14, 2024.

38.     Each of the phone calls at issue in this case came from a 224-area code. Each of the phone calls is detailed in Table A below.

39.     Plaintiff received a series of phone calls from phone number 224-286-3313. Plaintiff answered six of these phone calls and was solicited for debt relief on each of these calls.

40.     On May 1, 2024, Plaintiff received a phone call from 224-286-3313. Plaintiff answered the phone call and the telemarketer said, "Hi, ma'am. We can help you get debt free." The telemarketer then solicited Plaintiff for debt relief until Plaintiff disconnected the call.

41.     On August 2, 2024, Plaintiff received a phone call that displayed 224-238-6614 on

Plaintiff's caller identification. Plaintiff answered the phone call and the telemarketer said, "Hi, ma'am. We can help you get debt free." Plaintiff hung up the phone.

42. On November 14, 2024, Plaintiff received a phone call that displayed 224-238-6614 on Plaintiff's caller identification. Plaintiff answered the phone call and the telemarketer said, "Hi, ma'am. We can help you get debt free."

43. Plaintiff continued with the phone call as part of an investigation into the origin of the phone calls. Plaintiff was eventually sent a contract from Defendant to enroll in Defendant's debt elimination services. Plaintiff was still on the phone call when the contract was sent to Plaintiff.

44. Table A shows the calls sent to Plaintiff by Defendants.

TABLE A:

| #: | Date: | Time: | Caller ID: | Note: |
|---|---|---|---|---|
| 1. | 04/29/2024 | 11:55 PM | 224-286-3313 | Missed call |
| 2. | 04/29/2024 | 3:37 PM | 224-286-3313 | Missed call |
| 3. | 04/29/2024 | 4:32 PM | 224-286-3313 | Missed call |
| 4. | 04/30/2024 | 10:05 AM | 224-286-3313 | 30 seconds. Solicited debt relief. Hung up the phone. |
| 5. | 04/30/2024 | 1:49 PM | 224-286-3313 | Missed call |
| 6. | 04/30/2024 | 2:42 PM | 224-286-3313 | 12 seconds. Solicited debt relief. Hung up the phone. |
| 7. | 04/30/2024 | 4:24 PM | 224-286-3313 | 8 seconds. Solicited debt relief. Hung up the phone. |
| 8. | 04/30/2024 | 5:05 PM | 224-286-3313 | 39 seconds. Solicited debt relief. Hung up the phone. |
| 9. | 05/01/2024 | 1:33 PM | 224-286-3313 | Missed call |
| 10. | 05/01/2024 | 2:05 PM | 224-286-3313 | 42 seconds. Solicited debt relief. Hung up the phone. |
| 11. | 05/01/2024 | 4:01 PM | 224-286-3313 | Missed Call |
| 12. | 05/01/2024 | 4:28 PM | 224-286-3313 | 11 Minute Call |

| 13. | 08/02/2024 | 11:49 AM | 224-238-6614 | One minute call |
| 14. | 11/14/2024 | 2:10 PM | 224-238-6614 | Sent contract from Justin Miller |

45. Plaintiff did not have a preexisting relationship with Defendant and Defendant had no reason to have Plaintiff's phone number.

46. Plaintiff's phone number had no reason to be in any database controlled by Defendant.

47. Defendant placed multiple unauthorized calls to Plaintiff within a twelve-month period to Plaintiff's residential phone line, listed on the National DNC registry since 2022, which violated § 227(c) and 47 C.F.R. § 64.1200(c).

48. Defendant knew or should have known that its conduct would violate the TCPA and its implementing regulations because Plaintiff informed Defendants he was on the National Do Not Call Registry and informed Defendant of their TCPA and TBCC violations.

49. Defendant knew or should have known the requirements for making TCPA, and Texas sales-compliant telemarketing calls and thus knew or should have known that the unauthorized telemarketing calls complained of herein violated the TCPA, and Texas Business Commerce Code 302.101 and all of their regulations.

50. Defendant's unregistered phone calls caused Plaintiff to become aggravated and annoyed and resulted in Plaintiff having to spend hours attempting to uncover the identity of the anonymous telemarketers.

51. Plaintiff is a Texas resident and was located in Texas during all calls at issue in this Complaint.

52. Plaintiff maintains a telephone number with a 915 area El Paso, Texas area code.

53. No emergency necessitated any of these calls.

**TEXAS BUSINESS AND COMMERCE CODE § 302.101 VIOLATIONS**

54.     Plaintiff was located in Texas at all times during the calls at issue.

55.     Each of the calls at issue in this case was to a Texas area code telephone number.

56.     On February 25, 2025, Plaintiff searched for a telephone solicitation registration for Defendants at https://direct.sos.state.tx.us/telephone/TelephoneSearch.asp.

57.     Plaintiff searched: initial registration, bond canceled, pending, renewal registration, closed, and suspended registration.  Plaintiff did not find any registration for Defendant.

58.     Defendant has never been registered to telephone solicit from Texas or into Texas.

59.     Each phone call at issue in this Complaint was a solicitation phone call.

60.     Defendant was the seller of their services through their authorized salespersons.

61.     Defendant had the responsibility to register as telephone solicitors under the TBCC as the sellers of their legal services.

## INJURY, HARM, DAMAGES, AND ACTUAL DAMAGES AS A RESULT OF THE CALLS

62.     Defendant's calls harmed Plaintiff by causing the very harm that Congress sought to prevent—a "nuisance and invasion of privacy."

63.     Defendant's calls harmed Plaintiff by trespassing upon and interfering with Plaintiff's rights and interests in Plaintiff's cellular telephone.

64.     Defendant's calls harmed Plaintiff by intruding upon Plaintiff's seclusion.

65.     Plaintiff has been harmed, injured, and damaged by the calls including, but not limited to: reduced device storage, reduced data plan usage, anger, frustration, invasion of privacy, and more frequent charging of her cell phone.

## PLAINTIFF'S CELL PHONE IS A RESIDENTIAL NUMBER

66.     The calls to Plaintiff's personal cell phone that he uses for personal, family, and

household use. Plaintiff maintains no landline phones at her residence and primarily relies on cellular phones to communicate with friends and family. Plaintiff also uses her cell phone for navigation purposes, sending and receiving emails, timing food when cooking, and sending and receiving text messages. Plaintiff further has her cell phone registered in her personal name, pays for the cell phone from her personal accounts, and the phone is not primarily used for any business purpose.

## COUNT ONE:
### (Violation of the TCPA "Sales Call/DNC" Prohibition, 47 U.S.C. 227(c), and 47 C.F.R. § 64.1200(C))

67. Plaintiff incorporates the preceding paragraphs 1-66 as if fully set forth herein.

68. The foregoing acts and omissions of Defendants and/or their affiliates or agents constitute a violation of FCC regulations by making multiple telemarketing solicitations to a consumer on the National Do-Not-Call Registry within a 12-month period in violation of 47 C.F.R. § 64.1200(c)(2).

69. Defendant sent fourteen (14) calls to Plaintiff's private residential telephone number which was successfully registered on the National Do-Not-Call Registry more than thirty-one (31) days prior to the calls, in violation of 47 U.S.C § 227(c)(3)(F), and 47 C.F.R. § 64.1200(c)(2).

70. Plaintiff was statutorily damaged at least fourteen (14) times under 47 U.S.C. § 227(c)(3)(F) by Defendants by the unauthorized calls described above, in the amount of $500 per call.

71. Plaintiff is entitled to an award of at least $500 in damages for each such violation, 47 U.S.C. § 227(c)(5)(B).

72. Plaintiff is entitled to an award up to $1,500 in damages for each knowing or willful

violation of 47 U.S.C. § 227(c)(3)(F).

## COUNT TWO:
### (Violations of Texas Business and Commerce Code 302.101)
### Failure to obtain a Telephone Solicitation Registration Certificate

73.     Plaintiff incorporates the preceding paragraphs 1-72 as if fully set forth herein.

74.     Defendant and/or their affiliates or agents made at least fourteen (14) solicitation sales calls to Plaintiff without having a valid telephone solicitation as required under Tex. Bus. Com. Code 302.

75.     As a result of Defendant's and/or their affiliates or agent's violations of Tex. Bus. and Com. Code 302.101 Plaintiff may seek damages of up to $5,000 for each violation.  Tex. Bus. and Com. Code 302.302(a).

76.     As a result of Defendant's and/or their affiliates or agents' violations of Tex. Bus. and Com. Code 302.101 Plaintiff may seek all reasonable costs of prosecuting this action, including court costs, deposition costs, and witness fees.  Tex. Bus. and Com. Code 302.302(d).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Yazmin Gonzalez prays for judgment against the Defendant DebtHelp, Inc. as follows:

A.     Leave to amend this Complaint to name additional DOESs as they are identified and to conform to the evidence presented at trial;

B.     A declaration that actions complained of herein by Defendants violated the TCPA and Texas state law;

C.     An injunction enjoining Defendant and their affiliates and agents from engaging in the unlawful conduct set forth herein;

    D.    An award of $500 per call in statutory damages arising from the TCPA §227(c) violations against Defendant for fourteen (14) calls

    E.    An award of $1500 per call in statutory damages arising from the TCPA §227(c) intentional knowing and willful violations against Defendant for fourteen (14) calls.

    F.    An award of $5,000 in statutory damages arising from violations of the Texas Business and Commerce code 302.101 intentional violations against Defendant for fourteen (14) calls.

    G.    An award to Ms. Gonzalez of damages, as allowed by law under the TCPA;

    H.    An award to Ms. Gonzalez of interest, costs, and attorneys' fees, as allowed by law and equity.

    I.    Such further relief as the Court deems necessary, just, and proper.

February 25, 2025,                              Respectfully submitted,

Yazmin Gonzalez
Plaintiff, Pro Se
14025 Charles Poll0ck
El Paso, TX 79936
915-820-1859
Gonzalez18yazmin@gmail.com